IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-41019-TLS |
| | ) | |
| FRANK D. WILLIAMSON and | ) | CH. 13 |
| LINDA J. WILLIAMSON, | ) | |
| | ) | |
| Debtors. | ) | |
| FRANK D. WILLIAMSON and | ) | ADV. NO. A10-04002-TLS |
| LINDA J. WILLIAMSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BURNHAM MOTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This adversary proceeding was submitted to the Court by the parties on a stipulation of facts (Fil. #27) in lieu of a trial. As part of that factual stipulation, the parties have agreed that the exhibits set forth at Filings #14 through #24 shall be deemed offered and received. David P. Lepant represents Debtors-Plaintiffs, and Joel Lonowski and David W. Watermeier represent Defendant.

The dispute centers around which party is entitled to excess insurance proceeds resulting from accidental damage to a 2002 Mercury Mountaineer ("Vehicle"). For the reasons discussed herein, I find that the agreement between the parties constituted an installment sale agreement and that Plaintiffs are entitled to the excess insurance proceeds.

*Background*

On or about November 27, 2006, Plaintiffs and Defendant entered into a written agreement entitled "Lease" (Fil. #15), wherein Plaintiffs are named lessees and Defendant is named lessor. The Lease provided for a total of 57 monthly payments commencing December 15, 2006, in the amount of $200.00, plus a monthly sales/use tax payment of $11.00. The Lease further provided for a residual value of the Vehicle at the end of the Lease in the amount of $386.00. The Lease included a purchase option at the end of the Lease for the amount of the residual value plus fees and taxes.

In April 2009, Plaintiffs (through their attorney) requested from Defendant a purchase price for the Vehicle. On April 9, 2009, Defendant sent a letter to Plaintiffs' attorney (Fil. #17) calculating the "drive away" cost to be $6,255.95. That amount was calculated as the remaining payments due

(other than the sales tax payment) plus the residual value set forth in the Lease, plus a documentation fee.

On April 16, 2009, Plaintiffs filed a Chapter 13 proceeding, Case No. BK09-41019. Their amended Chapter 13 plan was confirmed on July 14, 2009. The plan treated Defendant as a secured creditor in the amount of $6,256.00 entitled to receive interest at the rate of 5.25%, and provided for the total secured claim to be paid in monthly payments over the term of the Chapter 13 plan. Defendant did not object to this treatment of its claim. In fact, Defendant filed a proof of claim asserting a secured claim in the amount of $6,256.00. Defendant has received $390.00 from the trustee under the plan so far.

On December 6, 2009, Plaintiff Frank Williamson was involved in an accident in the Vehicle, and the Vehicle was determined to be a total loss by Plaintiffs' insurance company. Defendant and Defendant's lender were the loss payees on Plaintiffs' insurance policy and, therefore, Plaintiffs' insurance company issued a check to Defendant and its lender in the amount of $8,319.25.

*Discussion*

Plaintiffs have demanded that Defendant turn over the sum of $2,237.01, which the stipulation indicates is the difference between Defendant's secured claim (less payments received by Defendant during the course of the Chapter 13 plan) and the insurance check. It is unclear how that number was calculated since the amount of the insurance check, $8,319.25, less the remaining allowed secured claim ($6,256.00 - $390.00 = $5,866.00), equals $2,453.25. Defendant has refused to turn over the funds, asserting that the contract between the parties was a lease, Plaintiff had not fully performed the purchase option, and Defendant was entitled to the proceeds as the owner/lessor of the Vehicle.

Although not argued by the parties, the resolution of this matter turns on whether the "Lease" is a true lease or a security agreement. Section 1-203 of the Uniform Commercial Code as enacted in Nebraska provides as follows:

> (a) Whether a transaction in the form of a lease creates a lease or security interest is determined by the facts of each case.
> (b) A transaction in the form of a lease creates a security interest if the consideration that the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee, and:
> . . .
> (4) the lessee has an option to become the owner of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement.

The Lease in this case falls squarely within the Uniform Commercial Code as creating a security interest despite the fact that it is called a "Lease." There is no right of termination by the lessee, and the purchase option price at the end of the Lease term is clearly nominal ($386.00). Further, Defendant calculated the early buyout price to be nothing more than the remaining Lease payments plus the nominal purchase option price. Finally, Defendant filed a proof of claim in this proceeding as a secured creditor rather than as a lessee, and did not object to the plan treating it as a secured creditor. Based on the foregoing, it is clear that the parties treated their agreement as an installment sale/security agreement, and not as a true lease.

Defendant asserts, however, that title remained in its name, as would be the case with a lease. That argument attempts to elevate form over substance. In fact, there is nothing unusual at all about an installment sale situation where legal title remains in the seller until completion of payments while equitable title has passed to the buyer. Defendant further argues that Plaintiffs have not paid the sales tax. First, that is incorrect since Plaintiffs paid to Defendant the sales tax with each monthly payment. It is true that the remaining sales tax on the balance of the purchase price has not been paid, but such amount would not need to be paid to the authorities until legal title transferred. Again, Defendant is attempting to elevate form over substance.

The bottom line is that the contract between the parties created a security interest under Nebraska law, not a lease. Further, the parties treated it as an installment sale/security agreement, and not as a lease. Therefore, as the equitable owners of the Vehicle, Plaintiffs are entitled to the excess insurance proceeds over and above the payoff amount due to Defendant.

In their brief, Plaintiffs request entry of sanctions against the Defendant for retaining the funds in violation of the automatic stay. I decline to enter such sanctions. Defendant appears to have had a genuine belief that it was entitled to retain the proceeds as the holder of legal title to the Vehicle.

Separate judgment to be entered.

DATED:  August 23, 2010.

> BY THE COURT:
>
> /s/ Thomas L. Saladino
> Chief Judge

Notice given by the Court to:
    *David P. Lepant
    *Joel Lonowski/David W. Watermeier
    Kathleen Laughlin
    United States Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.